**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**Case No. 3:14 cv 271-MCR/CJK**

GLORIA GUTIERREZ,

    Plaintiff,

v.

IMT INTEGRAL MEDIZINTECHNIK AG, INTEGRATED
MEDICAL TECHNOLOGIES USA, LLC. and K & W
ASSOCIATES, LLC.,

    Defendants.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

The Defendant, INTEGRATED MEDICAL TECHNOLOGIES USA, LLC ("Integrated Medical"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to the Amended Complaint in the above-styled cause would plead as follows.

### ANSWER

With respect to the consecutively-numbered paragraphs in the Amended Complaint, Integrated Medical would state as follows:

1.    Admitted.

2.    Admitted.

3.    It is admitted that the Defendant IMT Integral was the manufacturer of the Woodpecker device alleged in the Amended Complaint; this Defendant is without knowledge as to the remaining allegations in this paragraph.

4.     The Defendant Integrated Medical admits that it is a limited liability company organized in the State of Minnesota.  The Defendant Integrated Medical denies the remaining allegations in this paragraph.

5.     Without knowledge.

6.     Without knowledge.

7.     Without knowledge.

8.     Without knowledge.

9.     Integrated Medical re-adopts and re-alleges all previous paragraphs.

10.    Denied.

11.    It is admitted that the Defendant IMT Integral was the manufacturer of the Woodpecker device alleged in the Amended Complaint.  This Defendant is without knowledge as to the remaining allegations in this paragraph.

12.    Denied.

13.    Without knowledge.

14.    Denied.

15.    Without knowledge.

16.    The Defendant Integrated Medical re-adopts and re-alleges all previous paragraphs.

17.    Integrated Medical admits that it is or was a distributor of the Woodpecker device that was manufactured by IMT Integral and engages in the sale of such devices as part of its business operations.  This Defendant is without knowledge as to the remaining allegations in this paragraph.

18.    Without knowledge.

19.     The Defendant Integrated Medical re-adopts and re-alleges all previous paragraphs.

20.     Without knowledge.

21.     Without knowledge.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

For its first affirmative defense, Integrated Medical would state that the Plaintiff's claims are barred, in whole or in part, since the Plaintiff's alleged injuries and damages, if any, were the result of conduct by the Plaintiff, independent third parties, or events that are extraordinary in nature under the circumstances and/or otherwise not foreseeable in the normal course of events and constitute independent, intervening and/or superseding causes of the alleged injuries and damages.

### Second Affirmative Defense

For its second affirmative defense, Integrated Medical would state that, at all material times hereto, the Plaintiff owed a duty to mitigate her damages and/or losses, if any, and, in spite of said duty, has failed to mitigate her damages and/or losses, if any.

### Third Affirmative Defense

For its third affirmative defense, Integrated Medical would state that the claims against it are barred by the "learned intermediary" or "informed intermediary" doctrines.

### Fourth Affirmative Defense

For its fourth affirmative defense, Integrated Medical would state that the Plaintiff's claims are barred, in whole or in part, in that the Woodpecker product was designed, manufactured, marketed and/or labeled in accordance with the state of the art and/or the state of scientific and technical knowledge at the time of its manufacture, sale and/or distribution.

**Fifth Affirmative Defense**

For its fifth affirmative defense, Integrated Medical would state that it is entitled to a set-off for any and all collateral source payments under the auspices of Chapter 768.76, Florida Statutes, and/or Chapter 627.736, Florida Statutes, and/or is entitled to a set-off for any sums or monies received by the Plaintiff in settlement of any clams or suits against any other person or entity who may be, or is, legally liable or responsible for the alleged injuries and/or damages set forth in the Amended Complaint.

**Sixth Affirmative Defense**

For its sixth affirmative defense, Integrated Medical would state that, under the provisions of Chapter 768.81, Florida Statutes, as interpreted in *Fabre v. Marin*, as to any damages, Integrated Medical is only responsible for its percentage of fault and that any verdict against it must be reduced by the percentage of fault, if any, applicable to non-parties in this action including, but not limited to, the manufacturer of the Woodpecker device, IMT Integral Medizintechnik AG.

DATED this 25th day of August, 2014.

Respectfully submitted,


*/s/ John Edward Herndon, Jr.*
John Edward Herndon, Jr., Esquire
Florida Bar No.:  199702
eherndon@conroysimberg.com
Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A.
325 John Knox Road, Atrium Building, Suite 105
Tallahassee, FL 32303
(850) 383-9103
(850) 383-9109
Attorney for Integrated Medical Technologies USA, LLC.

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 25, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>*/s/ John Edward Herndon, Jr.*</u>
John Edward Herndon, Jr., Esquire

## SERVICE LIST

Thomas C. Staples, Esq
seatort@staplesellislaw.com
dnall@staplesellislaw.com
Staples, Ellis & Associates, P.A.
41 North Jefferson Street, Suite 400
Pensacola, FL 32591
*Attorney for Plaintiff*

Larry Hill, Esq.
lhill@mhw-law.com
ljohnson@mhw-law.com
Charles F. Beall, Jr., Esq.
cbeall@mhw-law.com
Moore, Hill & Westmoreland, P.A.
220 West Garden Street
SunTrust Tower, 9th Floor
Pensacola, FL  32502
*Attorneys for Defendant K & W Associates, LLC*

Harry Rein, Esq.
drrein@uscourt.com
1877 Wingfield Drive
Longwood, FL  32779
*Attorney for Plaintiff*